**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| SYLVIA T. DUPREE<br><br>　　　　Plaintiff,<br><br>　　-v-<br><br>EQUIDATA, INC.<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:17-cv-02036<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff, SYLVIA T. DUPREE, for her complaint against EQUIDATA, INC. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), stemming from Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in the District of Maryland and the events and/or omissions giving rise to the claims made herein occurred within the District of Maryland.

## PARTIES

4. Plaintiff, Sylvia T. Dupree ("Plaintiff") is an adult natural person residing in Pikesville, Maryland, and is a "consumer" as that term is defined by § 1692a(3).

5. Defendant, Equidata, Inc., is a Virginia corporation in the business of collecting consumer debts on behalf of others within the State of Maryland and throughout the United States. As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

6. Defendant identifies itself as a debt collector and represents that it has been "providing credit, collections and background screening solutions since 1905."[1]

7. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

## FACTS SUPPORTING CAUSES OF ACTION

8. Plaintiff has sought medical treatment at Mercy Medical Center ("Mercy") numerous times over the past several years. *See* Affidavit of Sylvia Trai-Ann Dupree, a copy of which is attached to this complaint as Exhibit A.

9. Due to her lack of medical insurance and limited income, Plaintiff has not always been able to pay her outstanding bills to Mercy, causing the debt to go into default (hereinafter referred to as "the subject debt"). *See* Exhibit A.

10. Upon information and belief, Mercy sold, assigned and/or transferred the subject debt to Defendant for collection after Plaintiff's default.

11. On November 8, 2016, Plaintiff obtained her credit report and noticed multiple entries bearing the name of Defendant. *Id.*

---

[1] *See* http://www.equidata.com.

12. Confused by the number of entries and the total amount of the debt, Plaintiff called Defendant at (757) 873-32000 and was connected with a representative whose name Plaintiff does not remember. *Id.*

13. Defendant's representative was able to locate Plaintiff's file and advised her that she had multiple open accounts. *Id*.

14. The representative stated that Plaintiff had open accounts for dates-of-service October 20, 2008 for $129.00, June 26, 2009 for $129.00, January 13, 2011 for $175.09, July 11, 2012 for $320.97 and $195.00, and February 14, 2013 for $195.00, for a total balance of $1,144.06. *Id.*

15. Defendant's representative then attempted to collect on the outstanding balance. *Id.*

16. Plaintiff informed Defendant's representative that she could not afford to pay the outstanding balance. *Id.*

17. Defendant's representative asked Plaintiff if she would like to set up a payment plan to pay down the balance, but Plaintiff declined and said she would call back when she was able to make a payment. *Id.*

18. The October 20, 2008 and the June 26, 2009 accounts both fall outside of the applicable statute of limitations period.

19. At no time during the call did Defendant disclose that the October 20, 2008 and June 26, 2009 accounts were no longer legally enforceable and/or that any payment made on them would refresh the statute of limitations. *Id*.

20. Confused and concerned following the phone call with Defendant, Plaintiff consulted with her attorneys for clarification regarding her rights.

21. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully, with either the

desire to harm Plaintiff, with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

22. Plaintiff has been misled by Defendant's collection actions.

23. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods in its attempts to collect the subject debt from her.

24. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

25. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

26. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection activities as described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f

27. Plaintiff repeats and re-alleges paragraphs 1 through 26 as though fully set forth herein.

28. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

29. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f in the November 8, 2016 phone communication with Plaintiff. By failing to alert Plaintiff as to the time-barred status of the subject debt while actively trying to induce her to make a payment on it, Defendant knowingly attempted to get Plaintiff to refresh the legal enforceability of time-barred accounts.

30. As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its collection communications have to be true and accurate. Defendant had an affirmative obligation to alert Plaintiff that the subject debt balance, or any portion thereof, was no longer legally enforceable.

31. As described in paragraphs 22 through 26 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection activity as outlined herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Sylvia T. Dupree, respectfully requests that this Court enter judgment in her favor as follows:

A. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

B. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

C. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

Dated:  July 20, 2017						Respectfully Submitted,

    */s/ Harry A. Suissa*____
Harry A. Suissa, Esq.
Admitted in the District of Maryland
LAW OFFICES OF HARRY A. SUISSA, P.C.
8720 Georgia Avenue, Suite 1010
Silver Spring, Maryland 20910
(301) 589-1600 (phone)
(301) 589-7752 (fax)
harry@suissalawyers.com
*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

    */s/ Harry A. Suissa*____
Harry A. Suissa, Esq.
LAW OFFICES OF HARRY A. SUISSA, P.C.